**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CECILIA LOOK,

              Plaintiff - Appellant,

  v.

PATRICK DONAHOE, Postmaster
General of the United States Post Office,

              Defendant - Appellee.

No. 10-17172

D.C. No. 3:08-cv-05623-VRW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Argued and Submitted October 27, 2011
San Francisco, California

Before: GRABER and IKUTA, Circuit Judges, and QUIST,[**] Senior District
       Judge.

     Plaintiff Cecilia Look brought this action under Title VII, alleging retaliation

and discrimination by her employer, the Defendant United States Postal Service.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Gordon J. Quist, Senior District Judge for the United
States District Court for the Western District of Michigan, sitting by designation.

The district court granted summary judgment in Defendant's favor. On de novo review, Dawson v. Entek Int'l, 630 F.3d 928, 934 (9th Cir. 2011), we affirm.

1. With respect to Plaintiff's race and gender discrimination claim arising out of her 2006 and 2007 non-selection for Manager of Mainframe Computer Operations, there is no genuine issue of material fact. Plaintiff established a prima facie case under the standard described in Dominguez-Curry v. Nevada Transportation Department, 424 F.3d 1027, 1037 (9th Cir. 2005). Defendant then articulated a legitimate, nondiscriminatory reason for its selection of other candidates: Plaintiff was less qualified than the other candidates primarily because she lacked significant prior experience managing a large data center; in addition, she failed to display significant leadership abilities, was sometimes out of step with headquarters, did not exhibit forward-thinking, and had problems collaborating with the Eagan facility.

The record does not contain evidence of pretext, that is, either direct or circumstantial evidence that Defendant's explanation, which the record supports, was unworthy of credence. We note in particular that Gabris chose Plaintiff for the 2006 temporary detail position over a Caucasian male candidate, suggesting that he did not harbor discriminatory animus toward Plaintiff because of her race or gender. See EEOC v. Boeing Co., 577 F.3d 1044, 1051–52 (9th Cir. 2009) (noting

2

this factor). Moreover, the candidate selected in fact had more than ten years of experience managing large groups of people in the information technology field, while Plaintiff had managed only small teams except for a few months. The alleged violation of hiring procedures bears no logical connection to the claims of discrimination.

2. To prove a prima facie claim of retaliation, Plaintiff had to show a protected activity, an adverse employment action, and a causal link between the two. Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1034–35 (9th Cir. 2006). Plaintiff filed a discrimination claim against Gabris with the EEOC, and failure to promote her can be viewed as an adverse employment action. The close temporal proximity between the two is sufficient for a prima facie case. Id. at 1035.

Again, though, Defendant offered a non-discriminatory reason: that the candidate selected in 2007 was more qualified. Turning to the third step of the analysis, there is no record evidence sufficient to support an inference of pretext. For example, Defendant used an outside consultant to evaluate the candidates in 2007; the outside consultant did not recommend Plaintiff as the top candidate; and Plaintiff does not allege that the outside consultant harbored retaliatory or discriminatory intent.

AFFIRMED.